IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA WALLACE, EXECUTRIX OF THE ESTATE OF ROBERT L. WALLACE, JR. 6125 Elmwood Avenue Philadelphia, PA 19142 : vs : UNITED STATES OF AMERICA DEPARTMENT OF VETERANS AFFAIRS 3900 Woodland Avenue Philadelphia, PA 19104 | CIVIL ACTION  NO. |

## COMPLAINT

### Parties

1. Plaintiff, Patricia Wallace, Executrix of the Estate of Robert L. Wallace, Jr. is an adult individual and resides at 6125 Elmwood Avenue, Philadelphia, PA 19142.

2. The U.S. Department of Veterans Affairs was established as an independent agency of the Defendant, United States of America.

3. The U.S. Department of Veteran Affairs, through its Veterans Health Administration, operates medical facilities throughout the United States, including the Philadelphia VA Medical Center where the alleged medical malpractice took place.

4. Defendant, United States, by and through its agency, the U.S. Department of Veteran Affairs, hired, retained, contracted with, supervised, controlled and is responsible for physicians, nurses, and other health care providers including the physicians, nurses, and other health care providers involved in the care and treatment of plaintiff at the Philadelphia VA Medical Center.

**Jurisdiction and Venue**

5. This Court has jurisdiction as the claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

6. Venue is proper within this district under 28 U.S.C. § 1402 (b) as the acts complained of occurred in the Eastern District of Pennsylvania.

**Notice**

7. On or about June 22, 2016, Plaintiff timely filed an executed Standard Form 95 with the Department of Veterans Affairs, Office of Regional Counsel, thereby timely making an administrative claim for damages and injuries consistent with the Federal Tort Claims Act, et seq. A true and correct copy of transmittal letter and form is attached hereto as Exhibit "A".

8. On or about July 15, 2016, the Department of Veterans Affairs, Office of Chief Counsel acknowledged receipt of plaintiff's Standard Form 95. A true and correct copy of the letter is attached hereto as Exhibit "B".

9. On December 29, 2016, the Office of General Counsel for U.S. Department of Veterans Affairs denied plaintiff's claim referenced in their Standard Form 95. A true and correct copy of the letter is attached hereto as Exhibit "C".

10. As six months has passed since plaintiff received the denial, plaintiff files this Complaint.

11. Plaintiff therefore asserts this Complaint is timely, pursuant to 28 U.S.C. § 2401.

12. Plaintiff has therefore exhausted all necessary administrative remedies prior to bringing this action, thus vesting jurisdiction in this Court.

**Facts**

13. Prior to 2015 decedent-plaintiff sought treatment on numerous occasions for abdominal pain.

14. Decedent-plaintiff had a history of pancreatitis which was not investigated.

15. Decedent-plaintiff had a history of loss of appetite which was not investigated.

16. Decedent-plaintiff had a history of depression which was not investigated.

17. Defendant did no testing nor investigation into the causes of decedent-plaintiff's symptoms until August, 2015 when, decedent-plaintiff was diagnosed with Stage IV pancreatic cancer.

18. The aforementioned symptoms are clinically indicative of the development of pancreatic cancer.

19. If the aforementioned symptoms as well as other symptoms set forth in decedent-plaintiff's records had been appropriate investigated, decedent plaintiff's cancer would have been discovered in a timely manner preventing his death.

20. Once the pancreatic cancer was discovered and diagnosed, it became inoperable.

21. Defendant failed to diagnose and treat the pancreatic symptoms over a three year period of time.

22. As a result of the negligence of defendant, decedent-plaintiff suffered until his death on January 3, 2017.

23. The death of decedent is the direct and proximate result of the negligence and carelessness of the United States and its employees and agents, acting individually or in concert, and are not due to any act or failure to act on the part of Plaintiff.

24. The negligence and carelessness of the United States and its employees and agents

was a substantial factor in bringing about Plaintiffs injuries and losses and a factual cause of Plaintiffs injuries and losses.

25. The Defendant United States and its employees and agents delayed in diagnosing decedent-plaintiff's pancreatic cancer until it became Stage IV and inoperable, resulting in his subsequent death. Accordingly, the Defendant is responsible for the claims made in this lawsuit

26. The negligence and carelessness of the Defendant, United States, acting directly and through its agents (actual ostensible or otherwise) servants and/or employees included the following:

   a. Vicarious liability for the negligence acts of its agents, servants and/or employees including all medical providers who provided relevant services to plaintiff;

   b. failing to properly diagnose the pancreatic cancer;

   c. failing to properly diagnose pancreatic cancer until such time as it was Stage IV and inoperable;

   d. failing to adequately assess plaintiff's medical condition;

   e. failing to monitor plaintiff's medical condition;

   f. failing to timely and properly treat plaintiff's medical condition;

   g. failing to exercise due care in the professional practice of several medical disciplines;

   h. failing to order proper tests to diagnose the pancreatic cancer;

   i. failing to provide proper follow-up care;

27. The negligence of the Defendant, as described herein, was the legal cause of the decedent-plaintiffs injuries and damages as described herein.

28. The negligence of the Defendant, as described herein, increased the risk of harm to decedent-plaintiff who suffered the injuries, damages and subsequent death as detailed in the within Complaint.

29. As a direct and proximate result of the negligence and carelessness of the Defendant, and as described herein, the decedent-plaintiff suffered and the Defendant is liable to decedent-plaintiff and his heirs for the hereinbefore described injuries, damages and subsequent death.

30. Due to the conduct or failure to act on the part of Defendants as aforesaid, Plaintiff's Decedent has left the following individual entitled to recovery for his death:

GUSSIE WALLACE

PATRICIA WALLACE

31. Said individuals, by reason of the death of decedent-plaintiff, have suffered fiduciary loss and other expenses of administration of the Estate.

32. The then surviving mother and sister have suffered the loss of Decedent's companionship, comfort, and society.

33. Plaintiff is entitled to recover, in addition to other damages, amounts for reasonable hospital, nursing, medical, and funeral expenses, and expenses of administration necessitated by reason of the conduct, omission to act, causing death.

34. Defendant's actions were willful, waton and reckless with disregard and indifference to decedent.

WHEREFORE, plaintiff, demands judgment against defendant, United States of America in an amount in excess of seventy-five ($75,000.00) exclusive of costs.

THE RADMORE FIRM, LLC

\s\James R. Radmore
JAMES R. RADMORE, ESQUIRE
Attorney for plaintiff
Two Penn Center, Suite 520
1500 JFK Boulevard
Philadelphia, PA   19102
215 568 9900

# EXHIBIT "A"



| | | |
|---|---|---|
| Philadelphia, PA<br>P:215.568.9900<br>P:1.800.Radmore<br>F:215.568.4546 | Cherry Hill, NJ<br>P:856.424.4434<br>F:866.751.5357 | James R. Radmore, Esq.<br>JRR@Radmore.net<br>philadelphiainjurylaw.com |

OF COUNSEL
Joseph Boardman, Esq.
Eleanor T. Segal, Esq. RN
Joyce J. Sweinberg, Esq.

June 22, 2016

U.S. Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC   20402

RE:   Our Client:   Robert Wallace, Jr.

Dear Sir/Madam:

    Please be advised that I represent Mr. Wallace in a claim for medical malpractice. Enclosed please find a Claim Form presented under the Federal Tort Claims Act. Kindly process this matter at your earliest convenience.

    Thank you for your courtesy and cooperation.

Sincerely yours,

JAMES R. RADMORE

JRR/msh
Enclosure


1500 John F. Kennedy Boulevard
Suite 520, Philadelphia, PA 19102


1913 Greentree Road
Cherry Hill, NJ 08003



| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Veterans Affairs<br>810 Vermont Avenue, NW<br>Washington, DC 20402 | Robert Wallace, Jr.<br>1804 Benton Avenue, Apartment 4<br>Philadelphia, PA 19152 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>08/25/1959 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Delay in diagnosed with Stage IV pancreatic cancer.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Stage IV pancreatic cancer.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N/A | |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $1,500,000.00 | N/A at this time | $1,500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 215 568 9900 | 06/22/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

| 15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No |
|---|

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | 17. If deductible, state amount. |
|---|---|

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
|---|

| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No |
|---|

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

| PRIVACY ACT NOTICE |
|---|
| This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.<br>  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14. | B. *Principal Purpose:* The information requested is to be used in evaluating claims.<br>C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.<br>D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid." |

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95 REV. (2/2007) BACK**

# EXHIBIT "B"



**DEPARTMENT OF VETERANS AFFAIRS**
Office of Chief Counsel
North Atlantic District-South
3900 Loch Raven Boulevard, Bldg. 4
Baltimore, Maryland 21218
In Reply Refer to: 275417

July 15, 2016

James R. Radmore, Esq.
1500 John F. Kennedy Boulevard
Suite, 520
Philadelphia, PA  19102


RE:   Administrative Tort Claim of Robert Wallace

Dear Mr. Radmore:

The U.S. Department of Veterans Affairs (VA), Office of Chief Counsel, received your client's Standard Form (SF) 95, *Claim for Damage, Injury, or Death*, on July 6, 2016.  The claim seeks $1,500,000.00 in damages.

As you are aware, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, VA has six months to consider a claim before you have the option to file suit on behalf of your client in U.S. District Court. 28 U.S.C. § 2675.  We will make every effort to meet that goal while thoroughly investigating the claim.

Under 28 C.F.R. § 14.4 (copy attached), which implements the FTCA, we are requesting that you provide the following information to the investigator assigned as soon as possible unless previously provided:

 1.   Copies of any <u>non</u>-VA medical records related to the alleged injury or injuries, if applicable.

 2.   Copies of medical bills from <u>non</u>-VA providers related to the alleged injury or injuries, if applicable.

 3.   Sources and amounts of income to include Social Security, retirement, pensions, VA benefits and copies of past federal income tax returns.

 4.   If claiming any loss of time from employment, a written statement from the employer listing time off work and the wages lost because of the injury.  If claiming a loss of self-employment, evidence of the earnings lost.

 5.   Any other information and documents that may support the claim, including a medical opinion, if obtained.

The investigator assigned to the claim is:

>Lisa Wolfe, Staff Attorney
>Department of Veteran Affairs
>OGC North Atlantic District – North
>1010 Delafield Road
>Pittsburgh, PA  15215
>Telephone: 412-822-1586

Under 28 U.S.C. § 2678, attorney fees are limited to 20 percent of any award, compromise, or settlement of an administrative claim and to 25 percent of the recovery following the filing of a lawsuit.

A combination of Federal and state laws govern FTCA claims; some state laws may limit or bar a claim or lawsuit. VA legal staff handling FTCA claims work for the Federal government, and cannot provide legal advice on state or Federal law or on filing requirements.

If you have any questions or concerns, you may communicate directly with the investigator, who will be happy to assist. Thank you for your cooperation. We look forward to working with you to resolve your client's claim.

Sincerely,


**/s/Antoinette Schultz**
Antoinette Schultz
Legal Assistant

Enclosure

28 C.F.R. § 14.4 Administrative claims; evidence and information to be submitted.

**(a) *Death.*** In support of a claim based on death, the claimant may be required to submit the following evidence or information:
(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.
(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.
(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.
(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.
(5) Decedent's general physical and mental condition before death.
(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.
(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.
(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

**(b) *Personal injury.*** In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:
(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.
(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.
(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.
(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.
(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.
(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

**(c) *Property damage.*** In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:
(1) Proof of ownership.
(2) A detailed statement of the amount claimed with respect to each item of property.
(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.
(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.
(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.

# EXHIBIT "C"



| | |
|---|---|
| **U.S. Department of Veterans Affairs**<br>**Office of General Counsel**<br>**Office of Chief Counsel - North Atlantic District North** | 1010 Delafield Rd. 646/02-A<br>Pittsburgh PA 15215<br><br>In reply refer to: # 275417 |

December 29, 2016

James Radmore
The Radmore Firm
1500 John F. Kennedy Boulevard
Suite 520
Philadelphia, PA 19102

SUBJ:  *Administrative Tort Claim*
       *Robert Wallace*

Mr. Radmore,

This letter is in reference to the Standard Form 95, Claim for Damage, Injury, or Death you filed on behalf of Robert Wallace on July 6, 2016. The claim alleges the Philadelphia VA Medical Center delayed diagnosing Mr. Wallace's pancreatic cancer.

An investigation into your allegations was performed. This investigation revealed no evidence of any negligent or wrongful act or omission on the part of a Department of Veterans Affairs (VA) employee acting within the scope of his or her employment.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim by any of the following means:

   (1) by mail to Office of General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420;
   (2) by fax to 202-273-6385; or
   (3) by e-mail to OGC.torts@mail.va.gov.

To be timely filed, VA must receive this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further

advised that the proper party defendant is the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and State laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

If you have any questions related to this decision, you can contact Lisa Wolfe, Staff Attorney, at 412-822-1586.

Sincerely,

JOSEPH G. MORENO
Chief Counsel